**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JASON ROMERO, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cr-00339-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Petitioner Jason Romero's ("Petitioner's") Motion to Stay, (ECF No. 53), which concerns Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 46). In Petitioner's 2255 Motion, he contends that his sentence is invalid because it relies on the unconstitutionally vague "residual clause" of 18 U.S.C. § 924(c)(3)(B). This residual clause applies if the individual is convicted of any predicate felony offense constituting a "crime of violence," meaning that the crime, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Petitioner claims that his underlying conviction of Hobbs Act Robbery under 18 U.S.C. § 1951 is a crime of violence under the unconstitutional residual clause; and thus, his sentence enhancement pursuant to § 924(c)(3)(B) must be vacated. (2255 Motion 13:7–10).

Notably, the US Supreme Court recently invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. *See United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). However, the related "elements clause" of 18 U.S.C. § 924(c)(3)(A) remains untouched. Whether Petitioner's underlying conviction for Hobbs Act Robbery is a "crime of violence" under the unconstitutional § 923(c)(3)(B), rather than § 924(c)(3)(A), is currently an issue pending before the Ninth Circuit Court of Appeals in *United States v. Monico Dominguez. See*

Order, *United States v. Monico Dominguez*, No. 14-10268 (June 26, 2019) (requesting supplemental briefing "addressing whether Hobbs Act robbery, 18 U.S.C. § 1951, and attempted Hobbs Act robbery qualify as a 'crime of violence' under the 'elements clause,' 18 U.S.C. § 924(c)(3)(a)"). The circuit currently has a hearing on this issue scheduled for December 10, 2019.

Because Petitioner could be entitled to relief only if the circuit finds Hobbs Act Robbery to be a "crime of violence" under the residual clause, rather than the "elements clause," the Court will defer its ruling on Petitioner's 2255 Motion until the Ninth Circuit enters its decision on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Stay, (ECF No. 53), is **GRANTED**. This matter is **STAYED** pending the Ninth Circuit's decision in *United States v. Monico Dominguez*, No. 14-10268. The parties shall provide the Court with a status report on December 20, 2019, addressing the status of the Ninth Circuit's decision.

**DATED** this __27__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court